**FILED**

NOV 1 2 2009

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | |
|---|---|
| **DAWN COOPER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )  Civil Action No.: 3:09-CV-485 |
| | )  Jordan/Guyton |
| **PENTAGROUP FINANCIAL,** | ) |
| **LLC and MS. YOUNG,** | )  Jury Trial Demanded |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

### I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), in their illegal efforts to collect a consumer debt.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transacts business here.

### III.  PARTIES

4.  Plaintiff Dawn Cooper (hereinafter "Plaintiff") is a natural person who resides in Knox County, Tennessee, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.  Defendant Pentagroup Financial, LLC (hereinafter "Defendant Pentagroup") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and a for-profit limited liability company organized in Texas that maintains CT Corporation System, 800 S. Gay St., Suite 2021, Knoxville, TN 37929 as its registered agent for service of process.

6.  Defendant Ms. Young (hereinafter "Defendant Young") is a natural person who is employed by Defendant Pentagroup as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), but who cannot presently be served until her true identity is determined.

### IV.  FACTUAL ALLEGATIONS

7.  Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. Sometime prior to September 4, 2007, Plaintiff's debt was sold or otherwise transferred to Defendant Pentagroup for collection from Plaintiff, when thereafter Plaintiff received collection communications and was subjected to collection acts from Defendants, all in an attempt to collect this debt.

### *Letters Between the Parties*

9. On or about September 4, 2007, Defendant Pentagroup sent a collection letter dated September 4, 2007 to Plaintiff at her home address.

10. On or about December 5, 2007, and in response to this letter and other collection communications made by Defendant Pentagroup, Plaintiff and her husband sent a letter by private courier to Defendant Pentagroup at the address on the collection letter.

11. This letter was dated November 29, 2007 and, among other things, requested that Defendant Pentagroup immediately cease any and all telephone communications with Plaintiff and her husband.

12. On or about June 11, 2008, Defendant Pentagroup sent a collection letter dated June 11, 2008 to Plaintiff's home address.

13. On June 16, 2008, Plaintiff sent a letter dated June 15, 2008 by certified mail in response to Defendant Pentagroup's June 11, 2008 collection letter, which, among other things, reminded Defendant Pentagroup that they did

not have permission of Plaintiff and her husband to contact them by telephone at work or home or by cell telephone.

14. On June 30, 2008, Plaintiff sent a letter by certified mail in further response to Defendant Pentagroup's June 11, 2008 collection letter, which, among other things, again reminded Defendant Pentagroup that they did not have permission of Plaintiff and her husband to contact them by telephone at work or home or by cell telephone.

### *First November 12, 2008 Collection Call*

15. On November 12, 2008, at approximately 8:12 a.m., Defendant Pentagroup mad a collection call to Plaintiff's cell phone from telephone number 832-615-2100, but no message was left on her voice mail.

16. This collection call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

17. Telephone number 832-615-2100 is owned by Defendant Pentagroup.

18. Defendant Pentagroup placed this telephone call without meaningful disclosure of its identity, in violation of 15 U.S.C. § 1692d(6).

19. This communication was made by Defendant Pentagroup to Plaintiff's cell phone in connection with the collection of the debt and after Plaintiff had requested, in writing, three different times that Defendant Pentagroup not

communicate with Plaintiff by telephone, was made in violation of 15 U.S.C. § 1692c(a)(1).

### Second November 12, 2008 Collection Call

20. On November 12, 2008, at approximately 1:57 p.m., Defendants made a collection call to Plaintiff's home telephone from telephone number 832-615-2100.

21. This collection call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

22. During this communication, a message was left on Plaintiff's answering machine by a female debt collector who identified herself only as Ms. Young, hereinafter referred to as Defendant Young.

23. During this telephone message, Defendant Young stated that Plaintiff needed to "give me a call back at 832-615-2359. My name is Ms. Young, Pentagroup Financial LLC, calling in regard to a pending business matter. It is important that I speak with you ma'am. Again directly, 832-615-2359."

24. Telephone number 832-615-2359 is owned by Defendant Pentagroup.

25. This communication was made by Defendant Pentagroup to Plaintiff's cell phone in connection with collection of the debt and after Plaintiff had requested, in writing, three different times that Defendant Pentagroup not

communicate with Plaintiff by telephone, was made in violation of 15 U.S.C. § 1692c(a)(1).

26. This communication by Defendant Young was a subsequent communication from Defendants in connection with the collection of the debt.

27. This communication failed to disclose to Plaintiff that Defendant Young was a debt collector.

28. By failing to disclose in this communication that Defendant Young was a debt collector, Defendant Young violated 15 U.S.C. § 1692e(11), and the failure to disclose in subsequent communications that the communication is from a debt collector is a false, deceptive and misleading representation or means in connection with the collection of the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

### *First November 17, 2008 Collection Call*

29. On November 17, 2008, at approximately 2:09 p.m., Defendant Pentagroup mad a collection call to Plaintiff's cell phone from telephone number 832-615-2100, but no message was left on her voice mail.

30. This collection call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

31. Telephone number 832-615-2100 is owned by Defendant Pentagroup.

32. Defendant Pentagroup placed this telephone call without meaningful disclosure of its identity, in violation of 15 U.S.C. § 1692d(6).

33. This communication was made by Defendant Pentagroup to Plaintiff's cell phone in connection with the collection of the debt and after Plaintiff had requested, in writing, three different times that Defendant Pentagroup not communicate with Plaintiff by telephone, was made in violation of 15 U.S.C. § 1692c(a)(1).

### *Second November 17, 2008 Collection Call*

34. On November 17, 2008, at approximately 2:09 p.m., Defendants made a collection call to Plaintiff's home telephone from telephone number 832-615-2100.

35. This collection call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

36. During this communication, a message was left on Plaintiff's answering machine by Defendant Young.

37. During this telephone message, Defendant Young stated that she was calling for Plaintiff from Pentagroup Financial, LLC in regard to a pending business matter and that Plaintiff needed to give her a call back at 832-615-2359.

38. Telephone number 832-615-2359 is owned by Defendant Pentagroup.

39.  This communication was made by Defendant Pentagroup to Plaintiff's home telephone in connection with collection of the debt and after Plaintiff had requested, in writing, three different times that Defendant Pentagroup not communicate with Plaintiff by telephone, was made in violation of 15 U.S.C. § 1692c(a)(1).

40.  This communication by Defendant Young was a subsequent communication from Defendants in connection with the collection of the debt.

41.  This communication failed to disclose to Plaintiff that Defendant Young was a debt collector.

42.  By failing to disclose in this communication that Defendant Young was a debt collector, Defendants violated 15 U.S.C. § 1692e(11), and the failure to disclose in subsequent communications that the communication is from a debt collector is a false, deceptive and misleading representation or means in connection with the collection of the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

### Third November 17, 2008 Collection Call

43.  On November 17, 2008, at approximately 3:26 p.m., Defendant Pentagroup mad a collection call to Plaintiff's home telephone from telephone number 832-615-2100, but no message was left on her answering machine.

44.  This collection call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

45.  Telephone number 832-615-2100 is owned by Defendant Pentagroup.

46.  Defendant Pentagroup placed this telephone call without meaningful disclosure of its identity, in violation of 15 U.S.C. § 1692d(6).

47.  This communication was made by Defendant Pentagroup to Plaintiff's home telephone in connection with the collection of the debt and after Plaintiff had requested, in writing, three different times that Defendant Pentagroup not communicate with Plaintiff by telephone, was made in violation of 15 U.S.C. § 1692c(a)(1).

### First November 18, 2008 Collection Call

48.  On November 18, 2008, at approximately 12:09 p.m., Defendant Pentagroup mad a collection call to Plaintiff's cell phone from telephone number 832-615-2100, but no message was left on her voice mail.

49.  This collection call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

50.  Telephone number 832-615-2100 is owned by Defendant Pentagroup.

51.  Defendant Pentagroup placed this telephone call without meaningful disclosure of its identity, in violation of 15 U.S.C. § 1692d(6).

52. This communication was made by Defendant Pentagroup to Plaintiff's cell phone in connection with the collection of the debt and after Plaintiff had requested, in writing, three different times that Defendant Pentagroup not communicate with Plaintiff by telephone, was made in violation of 15 U.S.C. § 1692c(a)(1).

### Second November 18, 2008 Collection Call

53. On November 18, 2008, at approximately 12:34 p.m., Defendants made a collection call to Plaintiff's home telephone from telephone number 832-615-2100.

54. This collection call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

55. During this communication, a message was left on Plaintiff's answering machine by Defendant Young.

56. During this telephone message, Defendant Young stated that she was calling for Plaintiff from Pentagroup Financial, LLC in regard to a pending business matter and that Plaintiff needed to give her a call back at 832-615-2359.

57. Telephone number 832-615-2359 is owned by Defendant Pentagroup.

58. This communication was made by Defendant Pentagroup to Plaintiff's home telephone in connection with collection of the debt and after Plaintiff had requested, in writing, three different times that Defendant Pentagroup not

communicate with Plaintiff by telephone, was made in violation of 15 U.S.C. § 1692c(a)(1).

59. This communication by Defendant Young was a subsequent communication from Defendants in connection with the collection of the debt.

60. This communication failed to disclose to Plaintiff that Defendant Young was a debt collector.

61. By failing to disclose in this communication that Defendant Young was a debt collector, Defendants violated 15 U.S.C. § 1692e(11), and the failure to disclose in subsequent communications that the communication is from a debt collector is a false, deceptive and misleading representation or means in connection with the collection of the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

### Third November 18, 2008 Collection Call

62. On November 18, 2008, at approximately 1:30 p.m., Plaintiff called telephone number 832-615-2100 to verify who was calling her home telephone and cell phone and the call was answered, "Pentagroup Financial".

63. On November 18, 2008, at approximately 3:26 p.m., Defendant Pentagroup made a collection call to Plaintiff's home telephone from telephone number 832-615-2100, but no message was left on her answering machine.

64. This collection call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

65. Telephone number 832-615-2100 is owned by Defendant Pentagroup.

66. Defendant Pentagroup placed this telephone call without meaningful disclosure of its identity, in violation of 15 U.S.C. § 1692d(6).

67. This communication was made by Defendant Pentagroup to Plaintiff's home telephone in connection with the collection of the debt and after Plaintiff had requested, in writing, three different times that Defendant Pentagroup not communicate with Plaintiff by telephone, was made in violation of 15 U.S.C. § 1692c(a)(1).

### First November 20, 2008 Collection Call

68. On November 20, 2008, at approximately 9:48 a.m., Defendants made a collection call to Plaintiff's home telephone from telephone number 832-615-2100, but no message was left on her answering machine.

69. This collection call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

70. Telephone number 832-615-2100 is owned by Defendant Pentagroup.

71. Defendant Pentagroup placed this telephone call without meaningful disclosure of its identity, in violation of 15 U.S.C. § 1692d(6).

72. This communication was made by Defendant Pentagroup to Plaintiff's home telephone in connection with the collection of the debt and after Plaintiff had requested, in writing, three different times that Defendant Pentagroup not communicate with Plaintiff by telephone, was made in violation of 15 U.S.C. § 1692c(a)(1).

### Second November 20, 2008 Collection Call

73. On November 20, 2008, at approximately 9:58 a.m., Defendant Young made a collection call to Plaintiff's cell phone from telephone number 832-615-2100.

74. This collection call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

75. When Plaintiff answered this collection call from Defendant Young, she explained to Defendant Young that Defendants were "not to contact us by phone, but by written correspondence only and anything in writing should be directed to my husband", and Defendant Young rudely responded "I have every right contact you by phone."

76. In response to Defendant Young's statement, Plaintiff again stated that Defendants were to correspond when collecting the debt in writing addressed to her husband and ended the conversation.

77. This communication was made by Defendant Young to Plaintiff's cell phone in connection with collection of the debt and after Plaintiff had requested, in writing, three different times that Defendant Pentagroup not communicate with Plaintiff by telephone, was made in violation of 15 U.S.C. § 1692c(a)(1).

78. This communication by Defendant Young was a subsequent communication from Defendants in connection with the collection of the debt.

79. This communication failed to disclose to Plaintiff that Defendant Young was a debt collector.

80. By failing to disclose in this communication that Defendant Young was a debt collector, Defendants violated 15 U.S.C. § 1692e(11), and the failure to disclose in subsequent communications that the communication is from a debt collector is a false, deceptive and misleading representation or means in connection with the collection of the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

### Third November 20, 2008 Collection Call

81. On November 20, 2008, at approximately 9:59 a.m., Defendant Young made a collection call to Plaintiff's home telephone from telephone number 832-615-2100.

82.   This collection call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

83.   During this communication, a message was left on Plaintiff's answering machine by Defendant Young.

84.   During this telephone message, Defendant Young stated that she was calling Plaintiff from Pentagroup Financial, LLC in regard to a pending business matter and that Plaintiff needed to give her a call back at 832-615-2359.

85.   Telephone number 832-615-2359 is owned by Defendant Pentagroup.

86.   This communication was made by Defendant Young to Plaintiff's home telephone in connection with collection of the debt and after Plaintiff had requested, in writing, three different times that Defendant Pentagroup not communicate with Plaintiff by telephone, was made in violation of 15 U.S.C. § 1692c(a)(1).

87.   This communication by Defendant Young was a subsequent communication from Defendants in connection with the collection of the debt.

88.   This communication failed to disclose to Plaintiff that Defendant Young was a debt collector.

89.   By failing to disclose in this communication that Defendant Young was a debt collector, Defendants violated 15 U.S.C. § 1692e(11), and the failure to disclose in subsequent communications that the communication is from a

debt collector is a false, deceptive and misleading representation or means in connection with the collection of the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

90. This communication was made by Defendants after Plaintiff reminded Defendant Young that Defendants were to communicate with her only in writing, in violation of 15 U.S.C. § 1692d(5).

### *First November 21, 2008 Collection Call*

91. On November 21, 2008, at approximately 9:30 a.m., Defendants made a collection call to Plaintiff's home telephone from telephone number 832-615-2100, but no message was left on her answering machine.

92. This collection call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

93. Telephone number 832-615-2100 is owned by Defendant Pentagroup.

94. Defendant Pentagroup placed this telephone call without meaningful disclosure of its identity, in violation of 15 U.S.C. § 1692d(6).

95. This communication was made by Defendant Pentagroup to Plaintiff's home telephone in connection with the collection of the debt and after Plaintiff had requested, in writing, three different times that Defendant Pentagroup not

communicate with Plaintiff by telephone, was made in violation of 15 U.S.C. § 1692c(a)(1).

96. This communication was made by Defendants after Plaintiff reminded Defendant Young that Defendants were to communicate with her only in writing, in violation of 15 U.S.C. § 1692d(5).

### *Second November 21, 2008 Collection Call*

97. On November 21, 2008, at approximately 9:44 a.m., Defendants made a collection call to Plaintiff's home telephone from telephone number 832-615-2100, but no message was left on her answering machine.

98. This collection call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

99. Telephone number 832-615-2100 is owned by Defendant Pentagroup.

100. Defendant Pentagroup placed this telephone call without meaningful disclosure of its identity, in violation of 15 U.S.C. § 1692d(6).

101. This communication was made by Defendant Pentagroup to Plaintiff's home telephone in connection with the collection of the debt and after Plaintiff had requested, in writing, three different times that Defendant Pentagroup not communicate with Plaintiff by telephone, was made in violation of 15 U.S.C. § 1692c(a)(1).

102. This communication was made by Defendants after Plaintiff reminded Defendant Young that Defendants were to communicate with her only in writing, in violation of 15 U.S.C. § 1692d(5).

### *November 24, 2008 Collection Call*

103. On November 24, 2008, at approximately 12:35 p.m., Defendants made a collection call to Plaintiff's home telephone from telephone number 832-615-2100, but no message was left on her answering machine.

104. This collection call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

105. Telephone number 832-615-2100 is owned by Defendant Pentagroup.

106. Defendant Pentagroup placed this telephone call without meaningful disclosure of its identity, in violation of 15 U.S.C. § 1692d(6).

107. This communication was made by Defendant Pentagroup to Plaintiff's home telephone in connection with the collection of the debt and after Plaintiff had requested, in writing, three different times that Defendant Pentagroup not communicate with Plaintiff by telephone, was made in violation of 15 U.S.C. § 1692c(a)(1).

108. This communication was made by Defendants after Plaintiff reminded Defendant Young that Defendants were to communicate with her only in writing, in violation of 15 U.S.C. § 1692d(5).

### First November 25, 2008 Collection Call

109. On November 25, 2008, at approximately 12:36 p.m., Defendants made a collection call to Plaintiff's home telephone from telephone number 832-615-2100, but no message was left on her answering machine.

110. This collection call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

111. Telephone number 832-615-2100 is owned by Defendant Pentagroup.

112. Defendant Pentagroup placed this telephone call without meaningful disclosure of its identity, in violation of 15 U.S.C. § 1692d(6).

113. This communication was made by Defendant Pentagroup to Plaintiff's home telephone in connection with the collection of the debt and after Plaintiff had requested, in writing, three different times that Defendant Pentagroup not communicate with Plaintiff by telephone, was made in violation of 15 U.S.C. § 1692c(a)(1).

114. This communication was made by Defendants after Plaintiff reminded Defendant Young that Defendants were to communicate with her only in writing, in violation of 15 U.S.C. § 1692d(5).

## Second November 25, 2008 Collection Call

115. On November 25, 2008, at approximately 7:29 p.m., Defendants made a collection call to Plaintiff's home telephone from telephone number 832-615-2100, but no message was left on her answering machine.

116. This collection call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

117. Telephone number 832-615-2100 is owned by Defendant Pentagroup.

118. Defendant Pentagroup placed this telephone call without meaningful disclosure of its identity, in violation of 15 U.S.C. § 1692d(6).

119. This communication was made by Defendant Pentagroup to Plaintiff's home telephone in connection with the collection of the debt and after Plaintiff had requested, in writing, three different times that Defendant Pentagroup not communicate with Plaintiff by telephone, was made in violation of 15 U.S.C. § 1692c(a)(1).

120. This communication was made by Defendants after Plaintiff reminded Defendant Young that Defendants were to communicate with her only in writing, in violation of 15 U.S.C. § 1692d(5).

## November 26, 2008 Collection Call

121. On November 26, 2008, at approximately 4:36 p.m., Defendants made a collection call to Plaintiff's home telephone from telephone number 832-615-2100, but no message was left on her answering machine.

122. This collection call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

123. Telephone number 832-615-2100 is owned by Defendant Pentagroup.

124. Plaintiff answered this collection call, but hung up the telephone before anyone came on the line to speak with her.

125. Defendant Pentagroup placed this telephone call without meaningful disclosure of its identity, in violation of 15 U.S.C. § 1692d(6).

126. This communication was made by Defendant Pentagroup to Plaintiff's home telephone in connection with the collection of the debt and after Plaintiff had requested, in writing, three different times that Defendant Pentagroup not communicate with Plaintiff by telephone, was made in violation of 15 U.S.C. § 1692c(a)(1).

127. This communication was made by Defendants after Plaintiff reminded Defendant Young that Defendants were to communicate with her only in writing, in violation of 15 U.S.C. § 1692d(5).

## First December 2, 2008 Collection Call

128. On December 2, 2008, at approximately 3:03 p.m., Defendants made a collection call to Plaintiff's home telephone from telephone number 832-615-2100, but no message was left on her answering machine.

129. This collection call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

130. Telephone number 832-615-2100 is owned by Defendant Pentagroup.

131. Defendant Pentagroup placed this telephone call without meaningful disclosure of its identity, in violation of 15 U.S.C. § 1692d(6).

132. This communication was made by Defendant Pentagroup to Plaintiff's home telephone in connection with the collection of the debt and after Plaintiff had requested, in writing, three different times that Defendant Pentagroup not communicate with Plaintiff by telephone, was made in violation of 15 U.S.C. § 1692c(a)(1).

133. This communication was made by Defendants after Plaintiff reminded Defendant Young that Defendants were to communicate with her only in writing, in violation of 15 U.S.C. § 1692d(5).

## Second December 2, 2008 Collection Call

134. On December 2, 2008, at approximately 3:04 p.m., Defendants made a collection call to Plaintiff's home telephone from telephone number 832-615-2100, but no message was left on her answering machine.

135. This collection call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

136. Telephone number 832-615-2100 is owned by Defendant Pentagroup.

137. Defendant Pentagroup placed this telephone call without meaningful disclosure of its identity, in violation of 15 U.S.C. § 1692d(6).

138. This communication was made by Defendant Pentagroup to Plaintiff's home telephone in connection with the collection of the debt and after Plaintiff had requested, in writing, three different times that Defendant Pentagroup not communicate with Plaintiff by telephone, was made in violation of 15 U.S.C. § 1692c(a)(1).

139. This communication was made by Defendants after Plaintiff reminded Defendant Young that Defendants were to communicate with her only in writing, in violation of 15 U.S.C. § 1692d(5).

## Summary

140. The above-detailed conduct by Defendants in connection with collection of the debt, including, but not limited to placing collection calls without meaningful disclosure of their identity, communicating with Plaintiff at places known to be inconvenient to Plaintiff, failing to disclose in subsequent communications that the communication is from a debt collector, using false representations or deceptive means to collect or attempt to collect the debt, and using an unfair means to collect or attempt to collect a debt, was a violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

## *Respondeat Superior Liability*

141. The acts and omissions of Defendant Young and the other debt collectors employed as agents by Defendant Pentagroup and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Pentagroup.

142. The acts and omissions by Defendant Young and the other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Pentagroup in collecting consumer debts.

143. By committing these acts and omissions against Plaintiff, Defendant Young and the other debt collectors were motivated to benefit their principal, Defendant Pentagroup.

144. Defendant Pentagroup is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by its collection employees including, but not limited to violations of the FDCPA, in their attempts to collect this alleged debt from Plaintiff.

## V.     TRIAL BY JURY

145. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## VI.     CAUSES OF ACTION

### COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 *et seq.*

146. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

147. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and

every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, with respect to Plaintiff.

148. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

11/12/09                          Respectfully submitted,

                                  **DAWN COOPER**


                                  _____
                                  Alan C. Lee, Esq.
                                  Attorney for Plaintiff
                                  BPR #012700
                                  P. O. Box 1357
                                  Morristown, TN 37816-1357
                                  (423) 586-4300
                                  info@alanlee.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

**STATE OF TENNESSEE**    )
**COUNTY OF KNOX**       )

Plaintiff Dawn Cooper, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendants(s), cause unnecessary delay to any Defendants(s), or create a needless increase in the cost of litigation to any Defendants(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: _11 /10 /09_        By: _____
                                   Dawn Cooper

28

Subscribed and sworn to before me this ___10ᵗʰ___ day of November 2009.

Notary Public

My Commission Expires 12 5 09

29